UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARTIE R. JACKSON, #15A0386,

                               Plaintiff,

                                            **ORDER**
         -against-                          15–CV–2764 (JMA)(AYS)

SHERIFF SPOSATO and the MAINTENANCE OF
NASSAU COUNTY CORRECTIONAL CENTER,

                               Defendants.
-------------------------------------------------------------------X
**AZRACK, United States District Judge:**

       On April 30, 2015, incarcerated *pro se* plaintiff Artie R. Jackson ("plaintiff") commenced this action against Nassau County Sheriff Michael Sposato ("Sheriff Sposato") and unnamed members of the maintenance staff at the Nassau County Correctional Center ("NCCC") (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*.[1] The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

---

[1] Plaintiff did not file the required Prisoner Litigation Authorization Form ("PLRA") at the time he filed the complaint. Accordingly, the Court sent plaintiff a Notice of Deficiency ("Notice") on May 13, 2015 that instructed plaintiff to sign and return the enclosed form within 14 days of the date of the Notice. The Notice was returned to the Court on May 26, 2015 and was marked "Return to Sender Discharged." (See ECF No. 5.) On June 5, 2015, the Court received a letter from plaintiff inquiring about the status of his case. (See ECF No. 6.) In response, the Court's *Pro Se* Office sent plaintiff a letter along with a copy of his docket, another PLRA Form, and a change of address form. On June 18, 2015, plaintiff returned the completed PLRA and address change form.

## I. BACKGROUND[2]

Plaintiff's brief handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges:[3]

> As i left my cell E1-E52 at about 9:30 AM on April 7th 2015 A large amount of water in the tier down from my cell, cell's 48-47-46 and 45 on the top tier of houseing unit F1-E, I slipet and fell on my left side. I brought this incident of my Accident to the Attention of the 7 AM to 3 PM staff corporal and correction officer's that where on and a medical incident report was writen and then i was sent to medical.

(Compl. ¶ IV, ECF No. 1.) As a result, plaintiff claims to have difficulty sleeping due to pain and a "prickling" feeling he felt in his lower back, hipbone, and "socket area" on his left side. (Id. ¶ IV.A.) Although plaintiff alleges that he was seen by medical, some x-rays were taken, and he was given Motrin, plaintiff complains that he was "not been given the (M.R.I.) [he] requested." (Id.) For relief, plaintiff seeks to recover a damages award in the sum of $12 million. (Id. at ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[3] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

**B.      Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it: "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard

3

requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While detailed factual allegations are not required, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Id.

**C.	Section 1983**

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. (quoting Pitchell, 13 F.3d at 547); see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take

corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Claims Against Sheriff Sposato

As discussed above, a Section 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although plaintiff names Sheriff Sposato as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable Section 1983 claim against Sheriff Sposato. Given the absence of any allegations of conduct or inaction attributable to Sheriff Sposato, plaintiff's claims against him are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Claims Against Unnamed Staff at NCCC

Similarly, plaintiff has not alleged a plausible claim against the unnamed staff members at the NCCC. Plaintiff does not refer to them in the body of his complaint and does not allege any conduct or inaction attributable to them. Thus, plaintiff's claims against the unnamed staff at NCCC are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii), 1915A(b)(1).

**D.   Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)).  Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint."  Boddie v. New York State Div. of Parole, No. 08–CV–911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint.  Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.  Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 15–CV–2764 (JMA) (AYS), and shall be filed within thirty (30) days from the date of this Order.  Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint.  Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

Plaintiff is cautioned that, insofar as he seeks to impose liability on a defendant in connection with the water on the floor that plaintiff alleges caused him to slip, such claim does not implicate a constitutional deprivation.  At best, plaintiff may allege a state law negligence

claim. Daniels v. Williams, 474 U.S. 327, 330–31 (1986) (negligence claims do not rise to the level of a constitutional violation); see also Carr v. Canty, No. 10–CV–3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [] alleges that the individual defendants had notice of the wet condition but failed to address it.'"), quoting Edwards v. City of New York, No. 08–CV–5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009); Jennings v. Horn, No. 05–CV–9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); see also Powers v. Gipson, No. 04–CV–6883, 2004 WL 2123490 (W.D.N.Y. 2004) (*sua sponte* dismissing *in forma pauperis* complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983").

However, to the extent that plaintiff seeks to pursue a Section 1983 claim for inadequate medical treatment, plaintiff is advised that he "must allege 'acts or omissions sufficiently harmful to evidence the deliberate indifference standard.'" Johns v. Goord, No. 09–CV–1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97,

7

106 (1976). "To establish an Eighth Amendment[4] violation arising out of inadequate medical treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see also Kasiem v. Switz, No. 09–CV–9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (examination to address prisoner's alleged medical condition that resulted in no treatment being prescribed did not establish a showing of seriousness of or deliberate indifference to his medical needs); but see Ingram v. Steel, No. 04–CV–5918, 2006 WL 2349241, at *3 (S.D.N.Y. Aug. 15, 2006) (holding after a slip and fall in shower prisoner alleged no x-ray was given nor any treatment given was sufficient to withstand a motion to dismiss).

"[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a "sufficiently serious" injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The United States Supreme Court has stated that the subjective element "entails something more than mere negligence [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).

---

[4] Although plaintiff does not allege whether he is a pre-trial detainee or a convicted inmate, such distinction is of no moment given that the standard for deliberate indifference is the same whether brought under the Eighth or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 71–72 (2d Cir. 2009) (holding that the same standard applies to claims by convicted prisoners under the Eighth Amendment and pretrial detainees' claims under the Fourteenth Amendment).

### III.  CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.  Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 15–CV–2764 (JMA) (AYS), and shall be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                         /s/ (JMA)  
                                                         Joan M. Azrack  
Dated: June 29, 2015                            United States District Judge  
       Central Islip, New York